IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GEARL T. FLOWERS            :        CIVIL ACTION
                            :
          v.                :
                            :
M. JANE BRADY, et al.       :        NO. 11-878

MEMORANDUM

Bartle, J.                                   October 18, 2011

        Before the court is the pro se petition of Gearl T.

Flowers requesting a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254.

I.

        In January 2011,[1] Flowers was convicted by a jury in

the Superior Court of New Castle County, Delaware of third degree

burglary, attempted theft, and criminal mischief.  Judge M. Jane

Brady presided over his trial.  See Flowers v. Brady, No. 11-414,

slip op. at 2 (D. Del. July 5, 2011).[2]  According to his

petition, Flowers has not been sentenced for his crimes.

        The Delaware Supreme Court recently explained the

posture of Flowers' criminal case in a decision issued

September 9, 2011.  See In re Flowers, 2011 WL 4011371 (Del.

Sept. 9, 2011).  Following his conviction, Flowers filed motions

_____

1.  Flowers' petition states he was convicted on "January 20th
and 25th 2011."

2.  In a previous case, this court dismissed a complaint Flowers
filed under 42 U.S.C. § 1983 that made similar allegations
regarding deficiencies in his state court trial.  Id.

for a new trial and for the appointment of new counsel.  Id.  The
Superior Court continued Flowers' sentencing pending its
disposition of those motions.  Id.  In August 2011, Flowers filed
two petitions for a writ of mandamus in the Delaware Supreme
Court.  Id.  In both petitions Flowers asked the Delaware Supreme
Court to direct the Superior Court "to reverse his convictions,
appoint him new counsel, grant him unsecured bail and direct that
his current counsel review his trial."  Id.  The Delaware Supreme
Court dismissed the petitions on September 9, 2011.  Id.

Flowers has not indicated, and the court has not
discovered, if the Delaware Superior Court has ruled on his
pending motions since the Delaware Supreme Court denied his
mandamus petitions.

Flowers' petition alleges that two of the jurors who
deliberated at trial were biased against him.  He also avers that
Judge Brady failed properly to comply with certain Superior Court
"standards" applicable to jury selection and peremptory
challenges of potential jurors.  Neither the source nor the
substance of these "standards" is explained in the petition.

II.

Pursuant to Rule 4 of the Rules Governing Section 2254
Cases in the United States District Courts, a district court may
summarily dismiss a habeas petition "if it plainly appears from
the face of the petition and any exhibits annexed to it that the
petitioner is not entitled to relief."  A petitioner is not
entitled to federal habeas relief unless he has exhausted state

-2-

remedies for his habeas claims.  28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement is satisfied by "fairly presenting" the substance of the federal habeas claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits.  See Baldwin v. Reese, 541 U.S. 27, 29 (2004);  Duncan v. Henry, 513 U.S. 364, 365 (1995); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

Flowers' petition establishes on its face that he has not exhausted state remedies for the claims asserted therein because his state court criminal action is not yet concluded. Flowers has not been sentenced and has not filed a direct appeal. Although Flowers did present petitions for a writ of mandamus to the Delaware Supreme Court, it is well established in Delaware that a petition for a writ of mandamus cannot be used as a substitute for a timely filed appeal.  Matushefeske v. Herlihy, 214 A.2d 883, 885 (Del. 1965).  Accordingly, the court will dismiss Flowers' unexhausted petition without prejudice to his refiling an application under 28 U.S.C. § 2254 once his state court proceedings are final and he has exhausted state remedies.[3] See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000).

The court declines to issue a certificate of appealability because reasonable jurists would not disagree that

---

3.  Habeas petitions filed pursuant to 28 U.S.C. § 2254 must be filed within a one-year limitations period.  Flowers is responsible for determining the events that trigger and toll the limitations period.

Flowers' claims are unexhausted.  <u>See</u> 28 U.S.C. § 2253(c)(1);

<u>United States v. Eyer</u>, 113 F.3d 470, 473 (3d Cir. 1997); 3d Cir.

L.A.R. 22.2 (2011).